IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| HENRY MYERS,<br>　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 1:21-cv-00206 |
| GREAT LAKES REINSURANCE (U.K.)<br>SE AND THE LITTLETON GROUP,<br>EASTERN DIVISION, INC.,<br>　　Defendants. | §<br>§<br>§<br>§<br>§ | |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Great Lakes Insurance SE[1] ("Great Lakes" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### I.   BACKGROUND

1.   On April 1, 2021, Plaintiff Henry Myers ("Plaintiff") filed Plaintiff's Original Petition (the "Complaint") in an action styled *Henry Myers v. Great Lakes Reinsurance (U.K.) SE and the Littleton Group, Eastern Division, Inc.*, pending in the 1st Judicial District of Newton County, Texas, Cause No. CV21-14839 (the "State Court Action").[2]

2.   Plaintiff sued Great Lakes and Defendant The Littleton Group, Eastern Division, Inc. ("Littleton") for alleged breach of contract, violations of the Deceptive Trade Practices Act, violations of the Texas Insurance Code, violations of the Texas Prompt Payment Claims Act, breach of duty of good faith and fair dealing, and fraud/gross negligence. In the Complaint, Plaintiff alleges the property located at 784 County Road 4089, Bon Weir, Texas 75928, which

---

[1] Improperly named as Great Lakes Reinsurance (U.K.) SE in the Complaint but appearing in its correct capacity herein.
[2] *See* **Exhibit A-1**: Plaintiff's Complaint.

was covered under Policy No. GP19310768282, suffered alleged damage due to Hurricane Laura and Defendant purportedly failed to properly handle Plaintiff's related insurance claim.

3. Great Lakes was served with the Complaint on April 7, 2021.[3] Therefore, this Notice of Removal is timely, it being filed no more than thirty days after service, in accordance with 28 U.S.C. §§ 1441 and 1446.

## II.   BASIS FOR REMOVAL: DIVERSITY JURISDICTION

4. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiff and the properly joined defendant, Great Lakes, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.   Complete diversity exists between Plaintiff and the properly joined defendant, Great Lakes.**

5. Plaintiff's State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332.

6. Plaintiff states in his Complaint that he is an individual who resides in Newton County, Texas. He is, therefore, a citizen of Texas for purposes of diversity.

7. Great Lakes is a foreign non-admitted surplus lines insurer engaged in the business of insurance in the State of Texas. Great Lakes Insurance SE is incorporated in Germany and has its principal place of business in Germany. Therefore, Great Lakes is a citizen of Germany for purposes of diversity jurisdiction.

8. Thus, there is complete diversity of citizenship between Plaintiff and Great Lakes.

---

[3] *See* **Exhibit A-3**.

**B.      Littleton is improperly joined; therefore, its citizenship should be disregarded.**

9. Plaintiff alleges in its Complaint that Littleton is a Texas company with its principal place of business in Texas and is, thus, thus a citizen of Texas. The Littleton Group was improperly joined, however, for the reasons set forth below; therefore, its citizenship should be disregarded for purposes of determining diversity.

10. Diversity cases are only removable when "[none] of the parties in interest *properly joined* and served as defendants are a citizen of the State in which [the] action is brought."[4] While complete diversity is required for diversity jurisdiction, such diversity cannot be destroyed by a plaintiff improperly joining a non-diverse defendant.[5] Improper joinder may be established in one of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[6] Joinder of Littleton in this case is improper based on the second prong.

11. In this matter, Littleton was improperly joined because Plaintiff has no possibility of recovery against Littleton based on Chapter 542A of the Texas Insurance Code. Specifically, section 542A.006(a) & (b) provides in relevant part:

> (a) an insurer . . . may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.
> (b) If an insurer makes an election under Subsection (a) **before a claimant files an action** to which this chapter applies, **no cause of action exists against the agent related to the claimant's claim** . . .[7]

---

[4] 28 U.S.C. § 1441(b) (2006) (emphasis added); *see Cantor v. Wachovia Mortg. Corp.*, 641 F.Supp.2d 602, 606 (N.D. Tex. 2009).
[5] *See, e.g., Cuevas v. BAC Homes Loans Servicing, L.P.*, 648 F.3d 242, 249 (5th Cir. 2011); *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).
[6] *Smallwood*, 385 F.3d at 573.
[7] Tex. Ins. Code § 542A.006(a) & (b) (emphasis added).

4823-3701-0406v2
2919518-000282 04/28/2021

12. Pursuant to this provision, Great Lakes sent written notice to Plaintiff's counsel on February 12, 2021, <u>before this lawsuit was filed</u>, which stated in relevant part, "pursuant to Tex. Ins. Code § 542A.006(a), Great Lakes hereby notifies the Insured that Great Lakes elects to accept whatever liability, to the extent any such liability exists (which Great Lakes neither admits nor concedes), any agent(s), as defined in Tex. Ins. Code § 542A.001(1), might have to the Insured for any alleged acts or omissions related to the Claim at issue."[8]  Section 542A.001(1) of the Texas Insurance Code defines "agent" as "an employee, agent, representative, or **adjuster** who performs any act on behalf of an insurer."[9]  Littleton is an adjusting firm who adjusted the claim at issue in this matter for Great Lakes, thus, is an "agent" of Great Lakes as defined under section 542A.001(1).  Therefore, Great Lakes properly accepted liability, to the extent it exists (which Great Lakes neither admits nor concedes), on behalf of Littleton months before this lawsuit was filed.  Despite this election by Great Lakes, Plaintiff improperly named Littleton as a defendant when suit was filed.

13. The Eastern District has recently held on several occasions that a <u>pre-suit</u> election of liability under Chapter 542A, such as the pre-suit election in this case, "means that the plaintiff had 'no possibility of recovery' against the non-diverse defendant at the time the defendant was sued."[10]  The Eastern District has further held "claims against the non-diverse defendant should be dismissed under Texas law when an insurer has accepted its agent's liability pre-suit, therefore rendering removal proper through improper joinder."[11]

---

[8] **Exhibit F.**
[9] Tex. Ins. Code § 542A.001(1) (emphasis added).
[10] *Bar-B-Que Depot, Inc. v. Mesa Underwriters Specialty Ins. Co.*, No. 1:19-CV-625, 2020 WL 5536010, at *4 (E.D. Tex. Aug. 11, 2020), report and recommendation adopted, No. 1:19-CV-625, 2020 WL 5534654 (E.D. Tex. Sept. 14, 2020) (citing *McAdams v. Palomar Spec. Ins. Co.*, No. 1:18-CV-633, 2019 WL 2553616, at *6-*7 (E.D. Tex. May 29, 2019) (Giblin, J.); adopted by 2019 WL 2565669 (June 20, 2019) (Crone J.)).
[11] *Id.*

14. Because Great Lakes accepted its agent's liability pre-suit, Plaintiff has no possibility of recovery against Littleton. Thus, Littleton was improperly joined, it should be dismissed, and its citizenship should be disregarded when determining diversity jurisdiction.

## C.   Amount in Controversy Exceeds $75,000.

15. To determine the amount in controversy, the Court should "first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." [12] "If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy."[13] Courts have consistently considered pre-suit demand letters as such evidence in determining whether the amount in controversy requirement is satisfied.[14]

16. In this case, on the face of the Complaint, Plaintiff generically pleads that "the amount in controversy exceeds jurisdictional limits" and "the amount in controversy is under $250,000, <u>excluding</u> interest, statutory or punitive damages and penalties, and attorney's fees and cost."[15] Plaintiff's pre-suit demand provides more specifics, however, and alleges Plaintiff intends to seek $109,589.80 in alleged damages.[16]

---

[12] *Espinoza v. Allstate Texas Lloyd's*, 222 F. Supp. 3d 529, 533 (W.D. Tex. 2016) (citing *Greenberg*, 134 F.3d at 1253 (footnotes omitted); *Garcia*, 351 F.3d at 639 (holding that the defendant may prove claims by demonstrating that the claims are likely above $75,000 or by setting forth facts in controversy that support a finding of the requisite amount)).
[13] *Id.*
[14] *Id.* (citing *Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 910–12 (5th Cir. 2002) (per curiam); *Greenberg*, 134 F.3d at 1254–55; *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Molina v. Wal–Mart Stores Tex., L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008) (citations omitted)); *see Williams v. Companion Prop. & Cas. Ins. Co.*, 2013 WL 2338227, at *1 (S.D. Tex. May 27, 2013) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998); *Escobedo v. Marmaxx Operating Corp.*, 2009 WL 1636245, at *2 (S.D. Tex. June 10, 2009); *Molina v. Wal–Mart Stores Tex., LP*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008)).
[15] *See* **Exhibit A-1**: Plaintiff's Complaint, ¶¶ 5, 8.
[16] *See* **Exhibit G**: Demand Letter from Insured, dated November 25, 2020.

17.     Therefore, because Plaintiff's pre-suit demand establishes that Plaintiff is seeking damages in excess of $75,000, excluding interest and costs, the amount in controversy requirement for removal set forth in 28 U.S.C. § 1446(c)(2)(A)–(B) is satisfied.

## III.    VENUE

18.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the 1st Judicial District Court of Newton County, Texas, the forum in which the removed action was pending.

## IV.    ADDITIONAL REQUIREMENTS

19.     Pursuant to Eastern District of Texas Local Rule 81 and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

| **Documents in Support of Removal** | |
| --- | --- |
| Exhibit A | Index of documents filed in State Court Action |
| Exhibit A-1 | Plaintiff's Original Petition |
| Exhibit A-2 | Letter to Clerk |
| Exhibit A-3 | Citation Returned Served for Great Lakes |
| Exhibit A-4 | Citation Returned Served for the Littleton Group |
| Exhibit A-5 | Great Lakes' Original Answer and Affirmative Defenses |
| Exhibit A-6 | Littleton's Original Answer and Affirmative Defenses |
| Exhibit B | List of counsel |
| Exhibit C | Record of jury demand |
| Exhibit D | State Court address |
| Exhibit E | Notice of Removal filed with Newton County District Clerk |
| Exhibit F | Communication to Insured from Great Lakes accepting agent liability pursuant to Tex. Ins. Code § 542A.006(a) |
| Exhibit G | Demand Letter from Insured, dated November 25, 2020, which establishes that amount in controversy exceeds $75,000.00 |

20.     Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Newton County, Texas.  Plaintiff has requested a jury trial.

21.     Therefore, Defendant gives notice that the above-referenced action pending in the 1st Judicial District Court of Newton County, Texas has been removed to this Court.

Respectfully submitted,

By: */s/ Valerie Henderson*
    **Valerie Henderson**
    Texas Bar No. 24078655
    **Tanya Santillan**
    Texas Bar No. 24103918
    **BAKER, DONELSON, BEARMAN,**
    **CALDWELL & BERKOWITZ. P.C.**
    1301 McKinney Street, Suite 3700
    Houston, Texas 77010
    Telephone: (713) 650-9700
    Facsimile: (713) 650-9701
    vhenderson@bakerdonelson.com
    tsantillan@bakerdonelson.com

*Attorneys for Defendants Great Lakes Insurance SE and The Littleton Group Eastern Division, Inc.*

## CERTIFICATE AND NOTICE OF FILING

I certify that on April 29, 2021, Notice of Removal was sent to the District Clerk of Newton County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the Plaintiff.

*/s/ Valerie Henderson*
Valerie Henderson

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Notice of Removal of Civil Action has been served upon the following counsel of record via certified mail, return receipt requested, pursuant to the Federal Rules of Civil Procedure on April 29, 2021:

Clint Brasher
Nishi Kothari
Joe Muckleroy
The Brasher Law Firm, PLLC
905 Orleans Street
Beaumont, Texas 77701
clint@brasherattorney.com
nishi@brasherattorney.com
joe@brasherattorney.com

*/s/ Valerie Henderson*
Valerie Henderson